AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>TAYVON WHALEY and ANTHONY MILLER<br><br>Defendant(s) | )<br>)<br>) Case No.   3:21-MJ- 205   (ML)<br>)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of April 7, 2021 in the county of BROOME in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 United States Code, Section 841(a)(1) | Distribution and Possession with Intent to Distribute a Controlled Substance |
| Title 18 United States Code, Section 2 | Aiding and Abetting |

This criminal complaint is based on these facts:
**See Attached Affidavit**

☒   Continued on the attached sheet.

_____
Complainant's signature
Ryan Phelan, Special Agent
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:   April 7, 2021

_____
*Judge's signature*

City and State:   Binghamton, New York          Hon. Miroslav Lovric, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF DEA SPECIAL AGENT RYAN M. PHELAN

RYAN M. PHELAN, being duly sworn, deposes and says:

### I. INTRODUCTION

1. I am a Special Agent employed by the United States Department of Justice, Drug Enforcement Administration ("DEA"), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 United States Code, Section 801, et. seq., and Title 18, United States Code, Section 2516. In May 2014, I was hired by the DEA and was accepted to attend the DEA Basic Agent Training ("BAT") Academy in Quantico, Virginia. I have been a Special Agent with the DEA since September 2014. Since graduation from the DEA Academy, I have been assigned to the DEA Syracuse, New York Resident Office. I am currently assigned to a DEA Task Force consisting of law enforcement agents from other federal, state, and local agencies.

2. I submit this affidavit in support of a criminal complaint charging defendants ANTHONY MILLER and TAYVON WHALEY with violations of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2. This affidavit sets forth facts and evidence demonstrating there is probable cause to believe MILLER and WHALEY has committed violations of federal law, including, but not limited to, possession with intent to distribute controlled substances. With respect to WHALEY, that violation involves 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in

violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), With respect to MILLER, that violation involves 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

3. Currently, I am the case agent working with the Broome County Drug Task Force to investigate a crack cocaine drug trafficking organization ("DTO") operating in and around the Binghamton, NY area. I have personally participated in the investigation of the offenses set forth below. I base this affidavit on my personal participation in the investigation, my conversations with Special Agents of the DEA, agents, officers and investigators of other state and local law enforcement agencies, and my review of past and present reports made by others agents, officers, and investigators. I am fully familiar with the facts and circumstances of this investigation, as well as the subjects of the investigation. My experience in the investigation of narcotics crimes, as well as my participation in the instant investigation, and conversations with other law enforcement officers, will serve as the basis for any opinions or conclusions set forth below.

II. **BASIS OF INFORMATION**

4. Since this affidavit is being submitted for the limited purpose of providing probable cause to support a criminal complaint against MILLER and WHALEY, I have not included each and

every fact known to me concerning this investigation. I set forth only the facts which I believe are necessary to establish probable cause for the complaint.

5.      Between in or about January 2021 and in or about March 2021, an undercover officer (the "UC") conducted controlled purchases of crack cocaine from MILLER. In particular, the UC made five controlled purchases and bought approximately 154 grams of crack cocaine in total directly from MILLER. In each of those controlled purchases, law enforcement surveillance observed MILLER meeting with WHALEY or entering WHALEY's residence before or after the transaction, and observed MILLER providing money to WHALEY after selling the UC crack cocaine. Telephone records also showed telephone contact between MILLER and WHALEY shortly before each controlled purchase.

6.      On April 1, 2021, on the basis of those controlled purchases and other information, I obtained a federal search warrant for WHALEY's residence in Binghamton, New York.

7.      On or about April 7, 2021, the UC contacted MILLER by phone to coordinate the purchase of approximately two ounces (approximately 57 grams) of crack cocaine. In response, MILLER agreed and told the UC to meet him at the same place they had met for the last crack sale. Based on the UC's involvement in this investigation, the UC understood this to refer to the parking lot outside of WHALEY's residence.

8.      Later, on or about April 7, 2021, law enforcement agents observed MILLER walk up to WHALEY's residence.  Shortly after, law enforcement approached WHALEY's residence and encountered MILLER standing outside of the apartment.  At that time, MILLER was observed

looking at his cellular telephone. Before MILLER entered WHALEY's apartment, agents arrested him outside the apartment. At approximately the same time, the UC received a text message from MILLER that read "Almost got u done."

9. On or about April 7, 2021, law enforcement executed the court-authorized search warrant of WHALEY's residence. WHALEY was located inside the apartment at the time the search was conducted. In the course of the search, investigators recovered, among other things, approximately 372 grams of crack cocaine, approximately 28 grams of methamphetamine, approximately thousands in cash, and drug packaging materials. Both the crack cocaine and the methamphetamine field tested positive.

10. After the crack cocaine was located in his residence, agents arrested WHALEY.

### III. CONCLUSION

11. In light of the foregoing, I respectfully submit that there is probable cause to believe that ANTHONY MILLER and TAYVON WHALEY possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and aiding and abetting the same, in violation of Title 18, United States Code, Section 2. I respectfully request that the Court

authorize the filing of this complaint so that the defendant may be charged and brought to court for further proceedings in accordance with the law.

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

RYAN M. PHELAN, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before
me this 7th day of April 2020

HON. MIROSLAV LOVRIC
UNITED STATES MAGISTRATE JUDGE